IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02751-BNB

WILLIAM A. MAUNZ,

    Plaintiff,

v.

DEP. MINK,
DEP. ARELLANO,
DENVER COUNTY SHERIFF'S DEPT.,
GARY WILSON, Under-Sheriff, and
OFFICE OF THE MAYOR,

    Defendants.

ORDER

    This matter is before the court on three pending motions filed by Plaintiff, William A. Maunz. The pending motions are "Motion/Petition for Recusal of Majistrate [sic] Judge Boyd N. Boland and Judge Lewis T. Babcock" (Doc. #7); "Motion to Waive Filing Fees" (Doc. #8); and "Motion for Enlargement" (Doc. #9). For the reasons stated below, the motion to recuse will be denied to the extent Mr. Maunz is asking me to recuse; the motion to waive the filing fee will be denied; and the motion for an extension of time will be granted.

    Mr. Maunz is an inmate at the Denver County Jail in Denver, Colorado. Mr. Maunz initiated this action by filing *pro se* a document titled "Motion for Prisoner's/Civil Complaint 42 § 1983 (Letter of Intent)" in which he alleged that his federal constitutional rights were violated because he was assaulted by deputy sheriffs at the Denver County

Jail and the injuries he suffered were not treated.  On October 28, 2011, the court ordered Mr. Maunz to cure certain deficiencies within thirty days if he wishes to pursue his claims in this action.  More specifically, the court directed Mr. Maunz to file on the proper form a Prisoner Complaint and either to pay the filing fee or to file on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On November 30, 2011, the court granted Mr. Maunz an extension of time to cure the deficiencies but denied Mr. Maunz's request for the forms necessary to cure the deficiencies because he failed to explain what efforts he had made to obtain the necessary forms.  On December 15, 2011, Senior Judge Lewis T. Babcock entered an order in this action striking Plaintiff's objection to the November 30 minute order.

The court first will address the motion to recuse.  The court will consider the motion pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  **See Green v. Branson**, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  **Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987).  Although the court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  **See Glass v. Pfeffer**, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  **United**

***States v. Burger***, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. ***See Liljeberg v. Health Servs. Acquisition Corp.***, 486 U.S. 847, 860 (1988). Pursuant to § 455, the court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." ***Glass***, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. ***See United States v. Cooley***, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Maunz alleges in the motion to recuse that Judge Babcock has issued biased and prejudicial orders dismissing prior complaints Mr. Maunz has filed in the District of Colorado. Although Mr. Maunz also asks me to recuse, he does not allege that I am biased or prejudiced, and he does not allege any facts that would justify my recusal. Therefore, to the extent Mr. Maunz seeks to have me recuse, the motion to recuse will be denied. I do not address the motion to recuse to the extent Mr. Maunz is requesting Judge Babcock to recuse.

The motion to waive the filing fee also will be denied because Mr. Maunz presents no argument in support of that motion. Furthermore, a prisoner who files a civil action is required to pay the entire filing fee. ***See*** 28 U.S.C. § 1915(b)(1).

Finally, the motion for an extension of time to cure the deficiencies in this action

will be granted. The court notes that on January 3, 2012, Mr. Maunz filed on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Therefore, the only remaining deficiency is the absence of a pleading on the proper Prisoner Complaint form. Because Mr. Maunz apparently alleges that he has been unable to obtain the appropriate Prisoner Complaint form, the clerk of the court will be directed to mail a blank copy of that form to Mr. Maunz. Accordingly, it is

ORDERED that the "Motion/Petition for Recusal of Majistrate [sic] Judge Boyd N. Boland and Judge Lewis T. Babcock" (Doc. #7) is denied to the extent Mr. Maunz seeks my recusal. It is

FURTHER ORDERED that the "Motion to Waive Filing Fees" (Doc. #8) is denied. It is

FURTHER ORDERED that the "Motion for Enlargement" (Doc. #9) is granted and Plaintiff shall have **thirty (30) days from the date of this minute order** to cure the deficiencies in this action. It is

FURTHER ORDERED that the clerk of the court mail to Plaintiff, together with a copy of this order, a blank copy of the following form: Prisoner Complaint.

DATED January 10, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge