IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02751-BNB

WILLIAM A. MAUNZ,

    Plaintiff,

v.

DEP. MINK,
DEP. ARELLANO,
DENVER COUNTY SHERIFF'S DEPT.,
GARY WILSON, Under-Sheriff, and
OFFICE OF THE MAYOR,

    Defendants.

ORDER

    This matter is before the Court on Plaintiff's "Motion/Petition for Recusal of Majistrate [sic] Judge Boyd N. Boland and Judge Lewis T. Babcock" (Doc. #7). Magistrate Judge Boland has denied the motion to the extent Plaintiff sought his recusal. For the reasons stated below, the motion to recuse will be denied to the extent Mr. Maunz also is asking me to recuse.

    Mr. Maunz is an inmate at the Denver County Jail in Denver, Colorado. Mr. Maunz initiated this action by filing *pro se* a document titled "Motion for Prisoner's/Civil Complaint 42 § 1983 (Letter of Intent)" in which he alleged that his federal constitutional rights were violated because he was assaulted by deputy sheriffs at the Denver County Jail and the injuries he suffered were not treated. On October 28, 2011, Magistrate Judge Boland ordered Mr. Maunz to cure certain deficiencies within thirty days if he

wishes to pursue his claims in this action.  More specifically, Mr. Maunz was directed to file on the proper form a Prisoner Complaint and either to pay the filing fee or to file on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  On November 30, 2011, Magistrate Judge Boland granted Mr. Maunz an extension of time to cure the deficiencies but denied Mr. Maunz's request for the forms necessary to cure the deficiencies because he failed to explain what efforts he had made to obtain the necessary forms.  On December 15, 2011, the Court entered an order in this action striking Plaintiff's objection to Magistrate Judge Boland's November 30 minute order.

The Court will consider the motion to recuse pursuant to both 28 U.S.C. §§ 144 and 455.  Section 144, 28 U.S.C.,  provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party.  Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice.  **See Green v. Branson**, 108 F.3d 1296, 1305 (10th Cir. 1997).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  **Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987).  Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party.  **See Glass v. Pfeffer**, 849 F.2d 1261, 1267 (10th Cir. 1988).  The moving party has a substantial burden "to demonstrate that the judge is not impartial."  **United States v. Burger**, 964 F.2d 1065, 1070 (10th Cir. 1992).

Section 455(a), 28 U.S.C., provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Maunz fails to submit a timely and sufficient affidavit of personal bias and prejudice and he fails to make any argument that would demonstrate an appearance of partiality. Instead, Mr. Maunz merely alleges in the motion to recuse that the Court has issued biased and prejudicial orders dismissing prior complaints that he has filed in the District of Colorado. However, the fact that the Court dismissed other actions filed by Mr. Maunz is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, to the extent Mr. Maunz seeks to have me recuse, the motion to recuse will be denied. Accordingly, it is

ORDERED that the "Motion/Petition for Recusal of Majistrate [sic] Judge Boyd N. Boland and Judge Lewis T. Babcock" (Doc. #7) is denied to the extent Mr. Maunz seeks my recusal.

DATED at Denver, Colorado, this   12th   day of    January   , 2012.

BY THE COURT:

　　s/Lewis T. Babcock　　　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court